## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-cv-2209

DEBRA GROSCH,

Plaintiff,

v.

LIBERTY INSURANCE CORPORATION,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Liberty Insurance Corporation ("Defendant" or "Liberty"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

## INTRODUCTION

1.       On August 1, 2018, Plaintiff initiated this action by filing her Complaint ("Complaint") in the District Court, Denver County, State of Colorado, Case No. 2018CV32839 (the "State Action").  *See* Plaintiff's Complaint attached as **Exhibit A.**

2.       Plaintiff's Complaint alleges three claims for relief, including a First Claim for Relief for Breach of Contract, a Second Claim for Relief for Bad Faith Breach of Insurance

105842149_1

Contract, and a Third Claim for Relief for Violation of C.R.S. § 10-3-1115 and Relief Pursuant to § 10-3-1116.

3.      This lawsuit arises out of Plaintiff's demand for hail damage to the residence located at 2670 West Bates Avenue, Denver, Colorado 80236-2813 ("Property") as a result of a hail storm that reportedly occurred on September 29, 2014.

## COMPLIANCE WITH THE RULES

4.      All procedural requirements related to the removal of this action have been satisfied.

5.      On August 7, 2018, Plaintiff served Defendant with a Summons and a copy of the Complaint in the State Action. (*See* Return of Service attached hereto as **Exhibit B**)

6.      This notice of Removal is filed within 30 days of the receipt by Defendant of the service of the Summons and Complaint, and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7.      Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and Summons are attached to this Notice of Removal as **Exhibits A and C**, respectively.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2018CV32839, District Court, Denver County, Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

11.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12.     Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

13.     Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14.     Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because:  (a) the parties are residents of different states, and (b) the amount in controversy exceeds $75,000.

### A.     THE PARTIES ARE RESIDENTS OF DIFFERENT STATES

15.     Plaintiff is a Colorado citizen.  *See* **Exhibit A**, Complaint at ¶ 1 ("Plaintiff Debra Grosch is a citizen of and domiciled in the City and County of Denver in the State of Colorado.")

16.     Defendant is a citizen of the State of Illinois and the State of Massachusetts. Defendant is incorporated under the laws of the State of Illinois and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18.      While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000.

19.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C.  §  1446(c)(2).

20.      In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21.      When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 553.  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* At 554.  Á notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state

proceeding, or in response to discovery, shall be treated as an "other paper."  28 U.S.C.

§  1446(c)(3)(A).

22.    Pursuant to Colo.R.Civ.P. 8(a):  "Each pleading containing an initial claim for

relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form

and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The

Civil Case Cover Sheet requires a plaintiff to categorize the relief sought as either being more or

less than $100,000 and must be filed with each pleading containing an initial claim for relief and

shall be served on all parties along with the pleading.  *See* Colo.R.Civ.P. at Form JDF 601.

23.    Here, in the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in

which Plaintiff confirms that she seeks "a monetary judgment for more than $100,000 against

another party, including any attorneys' fees, penalties or punitive damages, but excluding interest

and costs . . ."  *See* **Exhibit E**, State Court Civil Case Cover Sheet.

24.    The "[Civil Case Cover Sheet] is at least properly considered an 'other paper'

under § 1446(b)(3)."  *See Paros Properties, LLC v. Colorado Casualty Insurance Co., et al.*,

835 F.3d 1264, 1272-1273 (10th Cir. 2016).  As the Tenth Circuit Court of Appeals has

concluded:

> . . . at least one federal district judge in Colorado has determined that
> the cover sheet is notice that starts the removal clock.  *See Henderson v.
> Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover
> sheet is an 'other paper' that put the defendant on notice that the amount in
> controversy exceeded $75,000).  We think that view is sound. There is no
> ambiguity in the cover sheet. And we see no reason not to credit an assertion
> by an officer of the court on a matter of significant consequence in the state
> proceeding (whether or not simplified procedures will apply).
>
> *Id.*

25.     Accordingly, under *Paros,* the Civil Case Cover Sheet filed in the State Action establishes that the amount in controversy is greater than $75,000.

26.     Plaintiff claimed in excess of $43,000 in damages to her real property arising from the September 2014 hail storm.  In addition, in her Complaint, Plaintiff has demanded compensatory damages, statutory double damages, pre-judgment interest, attorneys' fees, and costs.  *See* **Exhibit A**, Complaint, Wherefore Clause at p. 6.  *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo. 2010)(the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1412327 (D.Colo. 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

27.     Since the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

28.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Liberty Insurance Corporation requests that the action now pending in the District Court, Denver County, Colorado, Case No. 2018CV32839, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 28th day of August, 2018.

                    LEWIS ROCA ROTHGERBER CHRISTIE LLP

                    s/ *Brian J. Spano*
                    Brian J. Spano, Esq.
                    1200 17th Street, Suite 3000
                    Denver, CO 80202
                    Phone:  (303) 623-9000
                    E-mail: bspano@lrrc.com

                    *Attorneys for Defendant*
                    *Liberty Insurance Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Andrew M. Newcomb, Esq.
Jennifer A. Milne, Esq.
Samuel F. Mitchell, Esq.
Speights and Worrich, LLC
2149 South Holly Street, Suite 105
Denver, CO 80222
Phone:  303-662-8082
Fax:       303-662-8083
E-mail:  andrew@speightsfirm.com
              jennifer@speightsfirm.com
              sam@speightsfirm.com

*Attorneys for Plaintiff Debra Grosch*

<u>*s/ Brian J. Spano*</u>
Brian J. Spano